IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL L. WILEY                                                                                    PLAINTIFF

v.                                    CASE NO. 6:08-cv-06017

SHERIFF LARRY SANDERS;
CAPTAIN MEL STEED;
LT. McMURRIAN                                                                                      DEFENDANTS

## MEMORANDUM OPINION

Michael Wiley (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on February 26, 2008. (Doc. 1). Plaintiff's Complaint was filed *in forma pauperis* (IFP) and certified to proceed on that same date. (Doc. 4). On December 8, 2008, Defendants' filed their Court-ordered Motion for Summary Judgment (Doc. 27), which is the issue now before the Court on consent of the parties. The Court has considered both Plaintiff's response in Opposition (Doc. 32) and his response from the questionnaire propounded by the Court. (Doc. 34). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. 10). Pursuant to this authority, the Court issues this Order.

**I. Background**

Plaintiff's claims stem from the time he was incarcerated at the Garland County Detention Center. Plaintiff has sued Sheriff Larry Sanders, Captain Mel Steed, Lt. McMurrian, and Officer John Doe for denial of medical treatment. The Defendants are sued in both their personal and official capacities. Plaintiff alleges that from November 23, 2007 until November 28, 2007 and then

from November 30, 2007 until December 3, 2007 he did not receive a prescribed medication for his cholesterol. (Doc. 34, ¶ 1). Plaintiff states he brought a ninety-day supply of his medication when he was booked into the Garland County Detention Center. (Doc. 34, ¶ 2). Plaintiff states he first alerted the Defendants of his missing medications on November 23, 2007. (Doc. 34, ¶6). The exhibits produced by the Defendants show Plaintiff requested his "B/P" medications on November 14, 2007. (Doc. 29, Ex. 3). The nurse replied the Plaintiff should inform him of the name of the doctor that had ordered the medication. *Id.* On November 19, 2007, Plaintiff filed a grievance stating he was receiving incorrect medication. *Id.* The nurse replied she would speak with the Plaintiff. *Id.* On November 29, 2007, Lt. McMurrian sent Plaintiff a memo stating the issue was resolved. (Doc. 34, ¶ 2). Plaintiff did not seek any medical treatment due to the delay in receiving his medication. (Doc. 34, ¶ 5). Plaintiff also states he was harassed while at the Garland County Detention Center, as an off duty Deputy was allowed to question him on a crime unrelated to his arrest. (Doc. 34, ¶ 8). Plaintiff alleges he was not able to have a phone call or post bail until after speaking with the Deputy. *Id.* Plaintiff had a note on his booking card stating he was not eligible for "2 for 1," which he states "singled him out" as there were other inmates who were not eligible, but their cards did not have notes attached. *Id.* Moreover, Plaintiff alleges there was an unspecified threat of physical harm and he was put in a holding cell with a toilet that did not operate correctly. *Id.*

It appears Plaintiff was released from the Garland County Detention Center on December 14, 2007. (Doc. 29, Ex. 4). Plaintiff has not sought any medical treatment since his release from Garland County.

Plaintiff is suing Defendant Sanders as a direct supervisor of Defendants Steed and

McMurrian. (Doc. 34, ¶ 3). Defendant Steed is sued as he "would have had to be aware" of the problem with Plaintiff's medications. *Id.* Defendant McMurrian is named as she received the grievances from Plaintiff.

## II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendants in their official and personal capacities. Plaintiff's official capacity claims are tantamount to suing Garland County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat superior*, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for

"constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91.  The Eighth Circuit has upheld the grant of summary judgment because a plaintiff failed to plead that the defendant "had a policy or custom of false arrests or malicious prosecution." *Sanders v. Sears, Roebuck & Co.*, 984 F.3d 972, 976 (8th Cir. 1993).

Plaintiff clearly is suing Sheriff Larry Sanders under a *respondeat superior* theory of liability only.  He acknowledges his claims against Defendant Sanders are because Defendant Sanders didn't "supervise" the other named defendants.  Such claims are not viable in a Section 1983 case. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (no evidence that the defendants were doctors or were personally involved in making medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility).

Moreover, Plaintiff has not articulated any custom or policy of Garland County which served to cause his alleged constitutional harm.  When asked to describe the custom or policy in question, Plaintiff simply restated the claims of his case. (Doc. 34, ¶2).  The Plaintiff does not allege, nor does the record support a finding, that the system of dispensing medication to the prisoners at the Garland County Detention Center at the time of the incident was so deficient that Sheriff Sanders may be guilty of failure to properly supervise or control the process.  Accordingly, Defendants' Motion for Summary Judgment regarding Plaintiff's claims against Defendant Sanders and Plaintiff's claims against all Defendants in their official capacities is **GRANTED**.

### B. Individual Capacity Claims

#### i. Denial of Medical Care

In this circuit it is now settled law that deliberate indifference is the appropriate standard of culpability for all claims that detention center officials have denied inmates adequate medical care. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). This standard applies to both pretrial detainees and convicted defendants. *See id.* "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Additionally, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

In this case, Plaintiff states he was denied medical care due to a delay in receiving his medications. Clearly, the Defendants were aware until November 23, 2007 that Plaintiff was missing his medication. Plaintiff further states his medication was on-hand at the Garland County Detention Center and simply not administered to him. At most, ten (10) days elapsed before the medication issue was corrected. However, the record also shows that once on notice, the Defendants worked to correct the issue. More information was sought from the Plaintiff regarding his

medication, and Plaintiff also met with the nurse. A note from the nurse shows that on November 28, 2007, he had corrected Plaintiff's medical records to reflect the need for his medication. (Doc. 29, Ex. 2). By December 3, 2007, the issue was fully resolved. Plaintiff has provided no evidence any delay in his medications was intentional, rather than merely negligent. Once corrected, Plaintiff did not have any further issues regarding his medications.

Even assuming the Defendants were deliberately indifferent for the ten day period of missing medications, Plaintiff's claim still fails because he has not alleged he has suffered any harm as a result of this temporary delay. *See Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (inmate complaining of delay in medical treatment must present verifying medical evidence to show that the delay had a detrimental effect). Plaintiff has stated his cholesterol levels may have risen while he was denied the medication, but he has no medical evidence supporting the harm, if any, which resulted from the delay. Accordingly, Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's claims of missed medication.

### ii. Harassment

Plaintiff also asserts he was harassed while at the Garland County Jail by Defendant McMurrian because Defendant McMurrian allowed an off duty Deputy to interview him regarding a crime. Plaintiff has stated this harassment was "physical," but it appears to only be a verbal threat of an unspecified physical harm. "Verbal threats are not constitutional violations cognizable under Section 1983." *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Moreover, the interviewing of Plaintiff by a deputy when Plaintiff was a suspect in a separate investigation, or the "singling out" of Plaintiff as one for whom the "two for one" status does not apply, do not rise to the level of a constitutional harassment. *Burton v. Livingston*, 791 F.2d 97, 99, 100-01 (8th Cir.1986) (threatening

words of prison guard, without more, do not invade a federally protected right, but such words do so when a guard "terrorized ... [prisoner] with threats of death").

### III. Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED** (Doc. 27) in its entirety. Plaintiff's Complaint (Doc. 1) should be dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**IT IS SO ORDERED** this **7th day of January, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE